CARROLL, Judge.
On this interlocutory appeal by a defendant below, from an order denying his motion to dismiss the complaint in a mortgage foreclosure suit, the question presented is whether the complaint with its exhibits set forth facts upon which relief could be granted.
The complaint revealed that the mortgage sought to be foreclosed was given to secure the unpaid portion ($1,932,000) of the purchase price of real estate. It was alleged that certain lands were sold to Milton Weiss, as trustee, in June of 1958, and that the purchaser executed a note for the unpaid balance, and joined by his wife, executed a mortgage to secure payment of the same; that in accordance with the terms of the purchase money mortgage the plaintiff had executed a partial release thereof on a portion of the property encumbered. Default thereunder was alleged, and foreclosure of the mortgage on the unreleased property was sought.
Appellant contends the mortgage was unenforceable. In support thereof appellant argues that the fact that the promissory note and mortgage contained a provision to the effect that the maker of the note should not be personally liable and that the mortgagee would be limited to the security afforded by the mortgage, precludes foreclosure. The attorneys for the parties thoroughly explored and briefed the law relating to the contention just referred to, but in our opinion the matter is not one which can be determined on the basis of the authorities submitted dealing with the question of ineffectiveness of a mortgage unsupported by an obligation. This is so because upon viewing the entire transaction as disclosed by the complaint, it is apparent that the mortgage was made to secure the purchaser’s obligation. Thus, in the mortgage, a copy of which is an exhibit to the complaint, following a description of the real estate involved it is stated: “This is a Purchase Money Mortgage, given to evidence and secure the unpaid and deferred *165 balance of the purchase price of the above described property.” That provision of the mortgage, coupled with the showing in the complaint that the mortgagor Milton Weiss, as trustee, had purchased the property and made the mortgage in question to secure the unpaid balance of its price, sufficiently disclosed an obligation for which the mortgage must be regarded as security. Additionally, the mortgagors contracted therein to pay the taxes, and the complaint for foreclosure was made to depend in part upon alleged non-payment thereof.
For the reasons stated the chancellor was eminently correct in denying motion to dismiss, and the order appealed from is hereby affirmed.
Affirmed.